ERIC A. HAZEN
2007 Louisiana Avenue
Nampa, ID 83686
Email: eric001@ymail.com
Tel: 208-989-6047
*Plaintiff*

U.S. COURTS

FEB 28 2018

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **ERIC A. HAZEN,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CITIBANK, N.A.**<br><br>**Defendant.** | Case No. 1:18-cv-103-BLW<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, ERIC A. HAZEN ("Hazen"), and for cause of action against the above-named Defendant alleges as follows:

### NATURE OF THE CASE

1. Hazen is a former employee of the defendant, Citibank, N.A. ("Citi"). On at least two occasions, his employer refused to make a reasonable accommodation for his disability. In the final instance, Citi terminated him rather than consider the accommodation. Hazen brings a claim of discrimination and retaliation, in violation of the Americans With Disabilities Act ("ADA"), as well as the Idaho Human Rights Act.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the case involves questions of federal law under 42 U.S.C. §§ 12101 *et seq*. It also has

supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a).

3.        Venue is proper in the District of Idaho under 28 U.S.C. §§ 1391(b) and 1391(c) because all of the events giving rise to these claims occurred in the District of Idaho, and all parties reside or are located in the District of Idaho.

## PARTIES

4.        Hazen is an individual who currently resides, and has resided at all times relevant to this action, in the state of Idaho.

5.        Citibank, N.A. is a division of Citigroup Inc., a corporation organized under the laws of the state of Delaware. Citi has offices and employees located in Meridian, Idaho.

## GENERAL ALLEGATIONS

6.        Hazen began working for Citi in 2006.

7.        His job duties at the time relevant to this complaint were that he would take incoming calls from customers regarding their credit card payments or adjustments.

8.        He also trained new hires.

9.        Hazen has one or more physical or mental impairments.

10.      These include ankylosing spondylitis and arthritis, which limit musculoskeletal function.

11.      Additionally, Hazen has depression and anxiety disorder, which limits his overall cognitive function and his ability to concentrate.

12.      Because of Hazen's impairments, he periodically took time off work using either medical leave or leave under the Family Medical Leave Act ("FMLA").

13.      Supervising personnel at Citi were aware of Hazen's physical and mental impairments, both because of the leave he took as well as because Hazen specifically informed them of

**COMPLAINT AND DEMAND FOR JURY TRIAL**
*Hazen v. Citi*
Case No. _____                          **2**

his impairments.

14.    In 2011, Hazen became aware that Citi management recorded the use of Family Medical

Leave in all employees' Performance Evaluations (Scorecards) on a monthly basis.

15.    He let the Human Resource Department ("HR") know that he disagreed with the business

practice of recording employees medical leave or use of FMLA absences in their

Scorecards.

16.    In 2012, Hazen raised the issue of employment discrimination by alleging that hiring

managers used FMLA medical leave recorded in employee scorecards for hiring and

promotion decisions.

17.    At one time his manager Ms. Reczek told Hazen that he should just find a new job

creating a hostile work environment.

18.    Hazen had arthritic pain and stiffness, which was often worse in the morning.

19.    On January 4, 2013, Hazen requested to be changed from day shift to swing shift, as an

accommodation for his arthritis.

20.    Operations manager Susan Oster informed him that the request would be evaluated.

21.    The request for an accommodation of switching from day to swing shift was denied.

22.    On January 26, 2013, Hazen took a medical leave of absence.

23.    He also filed for short-term disability at that time.

24.    Met Life approved FMLA leave from January 26 through March 26, 2013.

25.    On March 4, 2013, Hazen was admitted to the hospital.

26.    He had nearly died due to the interaction of certain medications he was taking.

27.    Citi was made aware of his hospitalization.

**COMPLAINT AND DEMAND FOR JURY TRIAL**
*Hazen v. Citi*
**Case No.** _____                                                                                              **3**

28. Ms. Reczek gave Hazen a poor performance review due to his medical absences.

29. Medical personnel took Hazen off some of the medications.

30. He had withdrawal symptoms from being taken of the medication.

31. One of the symptoms was intermittent, brief, perhaps a few seconds, of black-outs.

32. These black-outs were inconvenient to have when talking with customers.

33. In mid-April 2013, two positions in the offline manager assist unit ("MAU") became available

34. A position in the MAU would offer a more flexible schedule.

35. Additionally the MAU positions required fewer or no telephone calls.

36. Hazen was qualified for the MAU position, as he had worked in that unit previously.

37. The MAU positions paid less, as employees in those positions could not earn bonuses.

38. Because Hazen was having short black-outs, and because he needed a more flexible schedule, he applied for the MAU position as a reasonable accommodation for his disabilities.

39. Citi refused to offer Hazen the MAU position.

40. On or around April 19, 2013, Hazen was transferred to a new unit.

41. His new manager was Ted Harmon.

42. Hazen informed Mr. Harmon about his disabilities and his symptoms of medication withdrawal, including the black-outs.

43. He told Mr. Harmon that he would probably need short periods of time off, as well as other accommodations.

44. On April 22, 2013, Hazen again requested assignment to the offline MAU due to his

**COMPLAINT AND DEMAND FOR JURY TRIAL**
*Hazen v. Citi*
Case No. _____

4

medication withdrawals and black-outs.

45.  Mr. Harmon flatly denied these requests.

46.  Mr. Harmon's notes of the conversation reflect that Mr. Harmon advised Hazen of the

selection process and that it was unlikely that any candidate would be considered under a

"non-standard lens."

47.  Shortly thereafter, Hazen asked for unpaid medical leave.

48.  Hazen's FMLA time was exhausted for the year, but it would renew again in late June

2013.

49.  The request for the accommodation of temporary unpaid medical leave was denied.

50.  On May 14, 2013, Hazen was discharged from Citi.

51.  Hazen filed a complaint of discrimination with the Idaho Human Rights Commission.

52.  The Seattle Field Office of the U.S. Employment Opportunity Commission ("EEOC")

reviewed the complaint.

53.  On August 10, 2017 the EEOC issued a determination finding that there was reasonable

cause to believe that Citi refused to provide reasonable accommodations, starting on or

about April 2013 and continuing through May 14, 2013.

54.  The EEOC also found that there was reasonable cause to believe that Hazen was

discharged in retaliation for requesting reasonable accommodations.

55.  A Right to Sue Letter was mailed by the EEOC on December 1, 2017.

## COUNT I – DISCRIMINATION

## IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

### 42 U.S.C. §§ 12-101 *et seq*

COMPLAINT AND DEMAND FOR JURY TRIAL
*Hazen v. Citi*
Case No. _____                                                                                                    5

### AND THE IDAHO HUMAN RIGHTS ACT, I.C. §§ 67-5901 *et seq*

56.     Hazen realleges the preceding paragraphs.

57.     Hazen has a disability within the meaning of the ADA.

58.     Citi is an employer subject to the provisions of the ADA.

59.     Hazen requested reasonable accommodations for his disability by asking for the offline

        MAU position in late April, 2013.

60.     Hazen was qualified for that position.

61.     Citi already had the position open.

62.     The position would pay less than the current position Hazen was in.

63.     It would not have been an undue burden upon Citi to assign Hazen to the offline MAU

        position.

64.     Failure to reasonably accommodate Hazen by assigning him to the offline MAU position

        was a violation of the ADA.

### COUNT II – DISCRIMINATION

### IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

### 42 U.S.C. §§ 12-101 *et seq*

### AND THE IDAHO HUMAN RIGHTS ACT, I.C. §§ 67-5901 *et seq*

65.     Hazen realleges the preceding paragraphs.

66.     Hazen has a disability within the meaning of the ADA.

67.     Citi is an employer subject to the provisions of the ADA.

68.     Hazen requested reasonable accommodations for his disability by asking for temporary

        unpaid leave in May 2013.

COMPLAINT AND DEMAND FOR JURY TRIAL
*Hazen v. Citi*
Case No. _____                                                                              6

69.     Failure to reasonably accommodate Hazen by providing temporary unpaid leave was a

violation of the ADA.

## COUNT III – RETALIATION

## IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

## 42 U.S.C. §§ 12-101 *et seq*

## AND THE IDAHO HUMAN RIGHTS ACT, I.C. §§ 67-5901 *et seq*

70.     Hazen realleges the preceding paragraphs.

71.     Hazen has a disability within the meaning of the ADA.

72.     Citi is an employer subject to the provisions of the ADA.

73.     Hazen requested temporary unpaid leave in May 2013.

74.     Soon after the leave request, Citi terminated Hazen's employment.

75.     Terminating Hazen after his request for accommodation is a violation of the ADA

## DEMAND FOR JURY TRIAL

76.     Hazen requests a jury trial in accordance with F.R.C.P. 38(b).

## PRAYER FOR RELIEF

Accordingly, Hazen requests judgment against CITI as follows:

1.      Damages for lost salary and lost benefits, in an amount to be proven at trial;

2.      Damages for emotional harm, in an amount to be proven at trial;

3.      Punitive damages, in an amount to be proven at trial;

4.      Pre- and post-judgment interest as provided by law;

5.      Attorneys' fees and costs allowed under the ADA, under the Civil Rights Act, I.C. § 12-

121, F.R.C.P 54(d), and other laws; and

**COMPLAINT AND DEMAND FOR JURY TRIAL**
*Hazen v. Citi*
Case No. _____                                                                                                    7

6.      Any other relief this Court deems fair and equitable.

DATED this __7𝛽__ day of February, 2018.

_____
Eric A. Hazen
Plaintiff

**COMPLAINT AND DEMAND FOR JURY TRIAL**
*Hazen v. Citi*
**Case No.** _____

**8**