B. Newal Squyres (ISB #1621)
Jennifer M. Jensen (ISB # 9275)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
P.O. Box 2527
Boise, ID 83702-2527
Telephone:  (208) 342-5000
Facsimile:   (208) 343-8869
Email: nsquyres@hollandhart.com
       jmjensen@hollandhart.com

Attorneys for Defendant,
Citibank, N.A.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| ERIC A. HAZEN,<br><br>                    Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.<br><br>                    Defendant. | Case No.  1:18-CV-103-BLW<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS** |

Citibank, N.A. ("Citi"), submits this Memorandum in Support of its Motion to Compel Arbitration and Stay Proceedings pending arbitration and the resolution of this dispute pursuant to the arbitration provisions of the parties' agreement.

### I.   INTRODUCTION AND FACTUAL BACKGROUND

The facts underlying this Motion are not in dispute.  Plaintiff began working for Citi in March 2006 at its call center in Meridian, Idaho, handling incoming calls from customers regarding their credit card payments or adjustments.  *See* Complaint, Dkt. 1, ¶¶ 5, 6, and 7; Squyres Declaration[1] ("Squyres Dec."), Exs. 1, 2, 3.  His employment ended a little over seven years later in May 2013.  On February 28, 2018, Plaintiff filed a three-count Complaint alleging

---

[1] All references to exhibits are to this Declaration.

discrimination and retaliation in violation of the Americans With Disabilities Act.  Dkt. 1 at 5, 6, 7.

The exhibits to the Squyres Declaration establish that the Plaintiff and Citi agreed to submit any and all employment-related disputes to binding arbitration under the auspices of the American Arbitration Association.  In his employment application dated February 15, 2006, Mr. Hazen acknowledged "that I am advised that the Company has a mandatory employment arbitration policy and employment is contingent upon execution of written employment documents including an agreement to submit employment related disputes to binding arbitration."  Squyres Dec., Ex. 1 at 3.  Thereafter, Mr. Hazen consistently acknowledged receiving, and agreeing to comply with, the Employment Arbitration Policy.  Ex. 2 (Principles of Employment, March 20, 2006); Ex. 3 (acknowledging receipt and review of the Employee Handbook in 2008, 2010, 2013, which prominently call out the Employment Arbitration Policy and the requirement "to submit employment-related disputes to binding arbitration.").

Exhibit 4 contains the relevant provisions from the 2013 Employee Handbook.  Appendix A sets forth the Employment Arbitration Policy, and under the heading Scope of Policy provides as follows:

> The Policy makes arbitration the **required and exclusive forum for the resolution of all disputes arising out of or in any way related to employment based on legally protected rights** (i.e., statutory, regulatory, contractual, or common-law rights) that may arise between an employee or former employee and Citi . . . **including**, without limitation, claims, demands, or action under Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, . . . **the Americans with Disabilities Act of 1990**, . . . and all amendments thereto, and any other federal, state, or local statute, regulation, or common-law doctrine regarding employment, employment discrimination, the terms and conditions of employment, termination of employment, compensation, breach of contract, defamation, retaliation, whistle-blowing, or any claims arising under the Citigroup Separation Pay Plan.

Ex. 4 at 53 (emphasis added).

There is no question that Mr. Hazen agreed, as a condition of his employment, that any and all employment-related disputes, including specifically a claim under the Americans With Disabilities Act, were subject to binding arbitration.  Notably, the Employment Arbitration Policy applies equally to employees and Citi (Ex. 4 at 53); Citi pays the filing, hearing, and arbitrator fees, as well as all other ordinary and reasonable expenses of the arbitration (Ex. 4 at 57); and the arbitrator may award the employee the same relief as would be available in court, as well as attorney fees and expenses (Ex. 4 at 56).

Undersigned counsel for Citi provided the relevant documents and requested the Plaintiff to stipulate to stay these proceedings and refer the matter to the AAA, but the Plaintiff declined, despite his express agreement to arbitrate all employment-related claims.  Thus Citi has filed this Motion.

## II.  ARGUMENT

Plaintiff's claims fall squarely within the scope of Citi's Employment Arbitration Policy and, therefore, he should be compelled to arbitrate such claims under the Federal Arbitration Act ("FAA").  *See* 9 U.S.C. § 4 (authorizing a court to compel arbitration).

The FAA enunciates a strong federal policy favoring arbitration, and requires courts to "rigorously enforce agreements to arbitrate."  *See*, *e.g.*, *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985); *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983).  Specifically, the FAA provides that an arbitration agreement "[s]hall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

Given the strong policy favoring arbitration, the Supreme Court has stated that:

> [w]here the contract contains an arbitration clause, **there is a presumption of arbitrability** in the sense that "[a]n order to

>  arbitrate the particular grievance should not be denied unless it
> may be said with positive assurance that the arbitration clause is
> not susceptible of an interpretation that covers the asserted dispute.
> **Doubts should be resolved in favor of coverage.**"

*AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986) (emphasis added) (quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960)).  *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (holding "Section 2 of the FAA creates a policy favoring enforcement of agreements to arbitrate" and reversing denial of motion to compel arbitration) (internal citation omitted); *Sanchez v. Elizondo*, 878 F.3d 1216, 1220 (9th Cir. 2018) (recognizing the "strong federal policy in favor of arbitration that drove the FAA's passage").

"This presumption in favor of arbitrability also applies 'where a party bound by an arbitration agreement raises claims founded on statutory rights.'"  *Ziober v. BLB Resources, Inc.*, 839 F.3d 814, 818 (9th Cir. 2016) (affirming grant of former employer's motion to compel arbitration of statutory claims); *Pearce v. Sci. Applications Int'l Corp.*, No. CV06-325-E-EJL, 2007 WL 1308820, at *3 (D. Idaho May 3, 2007) (granting motion to compel arbitration and holding strong federal policy favoring enforcement of arbitration agreements applied to arbitration of statutory claims).  Indeed, courts routinely enforce arbitration agreements involving claims under Title VII and other employment-related statutes.  *See, e.g.*, *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 113-19 (2001) (holding that arbitration clauses in employment agreements fall within the scope of the FAA).  As the Supreme Court observed: "Arbitration agreements allow parties to avoid the costs of litigation, a benefit that may be of particular importance in employment litigation, which often involves smaller sums of money than disputes concerning commercial contracts."  *Adams*, 532 U.S. at 123.

Plaintiff's claims, based on the ADA, fall squarely within the broad scope of Citi's Employment Arbitration Policy.  (Ex. 4 at 53, quoted above).  Moreover, the Employment

Arbitration Policy, like any other agreement between an employer and employee, is valid and enforceable.  9 U.S.C. § 2.

Plaintiff agreed to submit all employment disputes to binding arbitration as a condition of his employment.  Consistent with the FAA and the strong federal policy favoring arbitration, this Court should compel Plaintiff to comply with the parties' agreement and arbitrate his claims.

### III.  CONCLUSION

Citi respectfully requests this Court to enter an order compelling arbitration and staying or administratively closing this matter pending the conclusion of arbitration.  Citi will promptly thereafter take the steps necessary to submit the matter to the AAA to begin the required process.

DATED this 23rd day of April, 2018.

HOLLAND & HART LLP


By     *s/B. Newal Squyres*
     B. Newal Squyres, of the firm
Attorneys for Defendant Citibank, N.A.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of April, 2018, I caused the foregoing to filed electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-ECF-Registered parties in the manner indicated:

| | |
|---|---|
| Eric A. Hazen<br>2007 Louisiana Avenue<br>Nampa, ID  83686<br>Eric0001@ymail.com | ☒ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Facsimile<br>☒ Via Email |

*s/B. Newal Squyres*
for HOLLAND & HART LLP

10886471_1.DOC