ERIC A. HAZEN
2007 Louisiana Avenue
Nampa, ID 83686
Email: eric001@ymail.com
Tel: 208-989-6047
*Plaintiff*

U.S. COURTS

MAY 14 2018

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC A. HAZEN,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.<br><br>Defendant. | Case No. 1:18-CV-103-BLW<br><br>OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS |

## REASONS WHY CITI'S ARBITRATION POLICY DOES NOT APPLY TO MY COMPLAINTS

According to the Civil Rights Act of 1964, Title VII and the Americans with Disabilities Act 1990 (ADA) and the subsequent creation of the EEOC and authority it granted to the EEOC to enforce the discrimination based upon disability, I have the "Right to Sue" in order to address the illegal activity against me by CitiBank N.A. (Citi) and to obtain compensatory damages for my losses incurred due to such illegal activity.

Under the authority of the Civil Rights Act, the Equal Employment Opportunity Commission was created to enforce discrimination laws under the Civil Rights Act and the American with Disabilities Act.

According to code 29 CFR 1601.28 - Notice of right to sue: Procedure and authority, under

section (b)Issuance of notice of right to sue following Commission disposition of charge.

(1) Where the Commission has found reasonable cause to believe that title VII, the ADA, or GINA has been violated, has been unable to obtain voluntary compliance with title VII, the ADA, or GINA, and where the Commission has decided not to bring a civil action against the respondent, it will issue a notice of right to sue on the charge as described in § 1601.28(e) to:

(i) The person claiming to be aggrieved, or, .

(e)Content of notice of right to sue. The notice of right to sue shall include:

(1) Authorization to the aggrieved person to bring a civil action under title VII, the ADA, or GINA pursuant to section 706(f)(1) of title VII, section 107 of the ADA, or section 207 of GINA within 90 days from receipt of such authorization;

(2) Advice concerning the institution of such civil action by the person claiming to be aggrieved, where appropriate;

(3) A copy of the charge;

(4) The Commission's decision, determination, or dismissal, as appropriate.

Further, The ADA states its (b) PURPOSE- It is the purpose of this Act--

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

under Section 107 Enforcement of the ADA:

> (a) POWERS, REMEDIES, AND PROCEDURES- The powers, remedies, and procedures set forth in sections 705, 706, 707, 709, and 710 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9) shall be the powers, remedies, and procedures this title provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this Act, or regulations promulgated under section 106, concerning employment.

As well under:

**42 U.S. Code § 2000e–4 - Equal Employment Opportunity Commission**

**(b) General Counsel; appointment; term; duties; representation by attorneys and Attorney General**

(1) There shall be a General Counsel of the Commission appointed by the President, by and with the advice and consent of the Senate, for a term of four years. The General Counsel shall have responsibility for the conduct of litigation as provided in sections 2000e–5 and 2000e–6 of this title.

**42 U.S. Code § 2000e–6 - Civil actions by the Attorney General**

(a) Complaint

Whenever the Attorney General has reasonable cause to believe that any person or group of

persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured by this subchapter, and that the pattern or practice is of such a nature and is intended to deny the full exercise of the rights herein described, the **Attorney General may bring a civil action in the appropriate district court of the United States by filing with it a complaint.**

So according to the Civil Rights Act and the ADA the EEOC has the authority to issue me a "Right to Sue" as I have the same powers and remedies as the EEOC set forth in the ADA and Civil Rights Act.

As well Citi's Arbitration Policy (see attachment 1) states under the Scope of Policy: "makes arbitration the required and exclusive forum for the resolution of all employment-related disputes (other than disputes which by statute are not subject to arbitration)." It appears Citi is aware that its arbitration policy can not replace other rights afforded to me by law.

To further bolster my claim that I have the right to sue and have access to a jury trial, Citi specifically omits any statement that I may be or will be waiving any of my rights especially my right to a jury trial (see Citi's Arbitration Policy 2013) (see attachment 1). I would also like to assert my 7th amendment right to a jury trial in this document, as I did on my original complaint. See *Anthony v. Eleison Pharmaceuticals LLC*, Docket No. A-932-15T4 (App. Div. July 18, 2016) and *Atalese v. U.S. Legal Services Group LP*, 219 N.J. 430 (2014). As of 2017 the updated Citi arbitration policy does include the specific warning that employees will be giving up their right to a jury trial.

**OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**
*Hazen v. Citi*
**Case No. 1:18-CV-103-BLW** 4

Also, if you look at Citi's "2013 U.S. Employee Handbook Acknowledgment Receipt" (see attachment 2), all employees including myself have to click a button to "acknowledge" they have received an email 2) that provides a Web link to the employee handbook 3) obligated to read the handbook 4) informed Employee Arbitration Policy and Principles of Employment are included in the handbook 5) nothing in the book is a contract except the arbitration policy.

However, if you will notice the 2013 U.S. Employee Handbook Acknowledgment Receipt states: "Please click the "I Acknowledge" button below. Once you acknowledge, you'll have the ability to download and print your copy of the Handbook. "

I am not sure acknowledging that you have received a link to a handbook and agree to read the employee handbook constitutes agreeing to any contract (see Morgan v. Raymours Furniture Company, Inc., 2016 N.J. Super. LEXIS 1 (App. Div. January 7, 2016) and Lorenzo v. Prime Commc'ns, L.P., 806 F.3d 777 (4th Cir. 2015). One, you have to "acknowledge" first before you can gain access to the handbook and second nowhere on the "2013 U.S. Employee Handbook Acknowledgment Receipt" indicate or declare you are agreeing to said contract contained within the handbook. It is very confusing and does not plainly state you are entering into a contract by hitting an "Acknowledge" button on a web page. Third, you have to "acknowledge" which appears to be Citi's intended way of having you agree to the arbitration agreement before you can actually read the handbook to see what if any rights you may be giving up.

To answer the charge that I signed and agree to arbitration when hired in 2006 per the "Principles of Employment" as though that were the contract to agree to arbitration. Citi's own "2013 U.S. Employee Handbook Acknowledgment Receipt" states that only the arbitration policy is a contract, not including the "Principles of Employment". Further, I only signed the 2006 version

**OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**
*Hazen v. Citi*
**Case No. 1:18-CV-103-BLW** 5

of the "Principles of Employment", each subsequent year Citi published a new and amended "Principles of Employment" along with a new and amended arbitration agreement in each new employee handbook. So the 2006 document I signed is out of date and significantly different then the one published in 2013. So the arbitration 2006 agreement and 2006 principles of employment are both outdated and have been replaced by Citi for all employees. Employees are not subject to the arbitration agreement they are hired under but the updated one each year that they make employees acknowledge to read and state this is the new HR and policy information. As Citi claims I am was employed under the 2013 arbitration agreement in the 2013 employee handbook but are trying to claim I am not under the 2013 principles of employment. If the 2006 "Principles of Employment" applies to me then by that logic the 2006 employee arbitration agreement should apply as well and Mr. Squyres did not submit the 2006 arbitration agreement.

Finally, I would like to address Citi's 2013 employee arbitration policy (see attachment 1), as well as their 2017 employee arbitration policy (not provided) as being unconscionable. Citi states under Scope of Policy paragraph 7 (page 54 of the employee handbook):
"You aren't waiving any right to file a charge of discrimination with the EEOC and/or state or local human rights agency. However, you shall not be entitled to seek or receive any monetary compensation as a result of any proceeding arising from the filing of a charge, and/or participating in an investigation resulting from the filing of a charge, with the EEOC and/or state and local human rights agency."
I believe this to be unconscionable because it steers employees and their attorneys away from filing a charge with the EEOC by telling them up front that the employee will not be able to

**OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**
*Hazen v. Citi*
**Case No. 1:18-CV-103-BLW**                                                                 6

recover any lost wages as a result of discrimination and retaliatory terminations. Most attorneys and employees most likely read this provision and opt to avoid the EEOC and apply for arbitration since it is the only way Citi makes it appear as though they can recover any losses. This provision, while on it faces seems innocuous is actually quite destructive to the mission of the EEOC, to conduct investigations, find cause and enforce discrimination laws. Part of the EEOC's mission is to implement a conciliation process and Citi is essentially stating that the EEOC's requirement to conciliate and settle the matter from proceeding to court, is moot. Citi has in essence made moot part of the EEOC enforcement law meaningless.

See: **42 U.S. Code § 2000e–5 - Enforcement provisions**

(B) (d). If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to **eliminate any such alleged unlawful employment practice** by informal methods of conference, **conciliation**, and persuasion. Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned.

As part of my investigation with the EEOC, after the EEOC found cause, the EEOC did attempt a conciliation process, that failed, hence the "Right to Sue" letter (attachment 3). I don't believe I can disclose here the details of the conciliation process without the permission of Citi, but if Citi is willing to provide permission according the 42 U.S. Code 2000e-5, I would be willing to discuss that Citi's arbitration agreement makes claims that are not true. So If I am able to discuss with permission, my/EEOC and Citi's attempt at conciliation I may be able to prove Citi's provision (paragraph 7) false and or a fraudulent attempt to discourage the use of the

**OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**
*Hazen v. Citi*
**Case No. 1:18-CV-103-BLW** 7

EEOC in rectifying discrimination wrongs, basically shutting the EEOC out of it legal purpose.

**OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**
*Hazen v. Citi*
**Case No. 1:18-CV-103-BLW**                                                                 8

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of May, 2018, I caused the foregoing to be filed in paper format with the clerks office, which caused the following parties or counsel to be served.

AND I FURTHER CERTIFY that on such date I served the parties via paper format via email and mail:

B. Newal Squyres (ISB #1621)
Jennifer M. Jensen (ISB # 9275)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
P.O. Box 2527
Boise, ID 83702-2527
Telephone: (208) 342-5000
Facsimile: (208) 343-8869
Email:
nsquyres@hollandhart.com
jmjensen@hollandhart.com

_____
Eric A. Hazen
Plaintiff

**OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**
*Hazen v. Citi*
**Case No. 1:18-CV-103-BLW**                                                                 9