# Appendix A: The Employment Arbitration Policy

## Statement of Intent

Citi values each of its employees and looks forward to good relations with, and among, all of its employees. Occasionally, however, disagreements may arise between an individual employee and Citi or between employees in a context that involves Citi.[1]

Citi believes that the resolution of such disagreements will be best accomplished by internal dispute resolution and, where that fails, by external arbitration. For these reasons, Citi has adopted this Employment Arbitration Policy ("Policy"), which is applicable to all employment-related disputes, whether initiated by you or by Citi, as further described below. Arbitration shall be conducted either under the auspices of the Financial Industry Regulatory Authority, Inc. ("FINRA") or the American Arbitration Association ("AAA") as follows:

- Before the arbitration facilities of FINRA if you are, or were, a person associated with Citigroup Global Markets Inc. ("CGMI"), i.e., a member of FINRA ("Associated Person"), and your dispute, or any portion of it, arises out of your association with CGMI. You're an Associated Person if you're FINRA registered, or applied for registration; you're an officer, director or branch manager of CGMI; or you're engaged in CGMI's investment banking or securities business. Keep in mind that you may be a Citi Dual Employee, meaning you're employed by both CGMI and another Citi affiliate (e.g., Citibank, N.A.). If you're a Citi Dual Employee and any aspect of your dispute arises out of your association with CGMI, your entire dispute must be submitted to FINRA, including any dispute with your other, non-CGMI, Citi employer.

- Before the arbitration facilities of the AAA where you don't meet the criteria above for FINRA arbitration. This includes when you're a Citi Dual Employee and no aspect of your dispute arises out of your association with CGMI. Also, you must submit to AAA where you otherwise meet the criteria for FINRA arbitration but FINRA declines the use of its facilities.

Arbitration hearings shall be held in the closest available venue to your current Citi work location (or for former employees, their last Citi work location) and shall be conducted in accordance with the respective arbitration rules of the FINRA or AAA, as applicable, then in effect and as supplemented by this Policy. Throughout this Policy there will be references to AAA or FINRA, but only one set of rules applies to any particular proceeding.

Employment with Citi is a voluntary relationship for no definite period of time, and nothing in this Policy or any other Citi document constitutes an express or implied contract of employment for any definite period of time. This Policy doesn't constitute, nor should it be construed to constitute, a waiver by Citi of its rights under the "employment-at-will" doctrine nor does it afford an employee or former employee any rights or remedies not otherwise available under applicable law.

Your eligibility and consideration for merit increases, incentive and retention awards, equity awards, or the payment of any other compensation to you, as well as your acceptance of employment with Citi, or your continued employment with Citi, shall constitute consideration for your rights and obligations under this Policy.

## Scope of Policy

This Policy applies to both you and to Citi, and makes arbitration the required and exclusive forum for the resolution of all employment-related disputes (other than disputes which by statute are not subject to arbitration) which are based on legally protected rights (i.e., statutory, regulatory, contractual, or common-law rights) and arise between you and Citi, its predecessors, successors and assigns, its current and former parents, subsidiaries, and affiliates, and its and their current and former officers, directors, employees, and agents (including disputes based on legally protected rights that are submitted to but aren't resolved by the Dispute Resolution Procedure). These disputes include, without limitation, claims, demands, or actions under Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, the Employee Retirement Income Security Act of 1974, the Worker Adjustment and Retraining Notification Act, and all amendments thereto, and any other federal, state, or local statute, regulation, or common-law doctrine regarding employment, employment discrimination, the terms and conditions of employment, termination of employment, compensation, breach of contract, defamation, or retaliation, whistle-blowing, or any claims arising under the Citigroup Separation Pay Plan.

---

[1] Citi refers to Citigroup Inc., its subsidiaries, and affiliates.

Claims for Workers' Compensation or unemployment compensation benefits aren't covered by this Policy.

Claims covered under this Policy must be brought on an individual basis. Neither you nor Citi may submit a class, collective, or representative action for resolution under this Policy.

To the maximum extent permitted by law, and except where expressly prohibited by law, arbitration on an individual basis pursuant to this Policy is the exclusive remedy for any employment-related claims which might otherwise be brought on a class, collective or representative action basis. Accordingly, you may not participate as a class or collective action representative or as a member of any class, collective, or representative action, and will not be entitled to any recovery from a class, collective, or representative action in any forum. Any disputes concerning the validity of this class, collective, and representative action waiver will be decided by a court of competent jurisdiction, not by the arbitrator.

In the event this waiver is found to be unenforceable, then any claim brought on a class, collective, or representative action basis must be filed in a court of competent jurisdiction, and such court shall be the exclusive forum for all such claims.

Nothing in this Policy shall prevent you or Citi from seeking from any court of competent jurisdiction injunctive relief in aid of arbitration or to maintain the status quo prior to arbitration.

The Policy doesn't exclude the National Labor Relations Board from jurisdiction over disputes or matters covered by the National Labor Relations Act. Nothing herein shall be construed to constitute a waiver of your right to file a charge or complaint with this agency. **Further, this Policy doesn't exclude the jurisdiction of the Equal Employment Opportunity Commission ("EEOC") and/or state and local human rights agencies to investigate alleged violations of the laws enforced by the EEOC and/or these agencies. You aren't waiving any right to file a charge of discrimination with the EEOC and/or state or local human rights agency. However, you shall not be entitled to seek or receive any monetary compensation as a result of any proceeding arising from the filing of a charge, and/or participating in an investigation resulting from the filing of a charge, with the EEOC and/or state or local human rights agency.**

In addition to their obligations under this Policy, certain employees or former employees are subject to the arbitration requirements of FINRA. This Policy is not intended to exclude FINRA from jurisdiction over any dispute required to be arbitrated before FINRA under its rules.

This Policy doesn't require that Citi institute arbitration, nor is Citi required to follow the steps of the Dispute Resolution Procedure, before taking disciplinary action of any kind, including termination of employment. However, if you disagree with any such disciplinary action, believe that such action violated your legally protected rights, and wish to pursue the dispute, you must institute proceedings in accordance with the Policy. The results of the arbitration process are final and binding on you and Citi.

Nothing in this Policy is intended to preclude your right to challenge the validity of this Policy on such grounds as may exist in law or equity.

Retaliation against employees who file a claim under this Policy, including claims regarding the validity of this Policy or any provision thereof, is expressly prohibited.

## Arbitration rules and procedures

Arbitration under this Policy shall be conducted pursuant to the Employment Arbitration Rules and Mediation Procedures of the AAA or the rules for FINRA arbitration, in either case, "rules." Citi has modified and expanded these rules and procedures in certain respects. In particular, provisions covering fees and costs have been modified so that many of the costs typically shared by the parties will be borne by Citi.

To the extent any of the rules or procedures set forth in this Policy are in conflict with the rules or procedures of FINRA or the AAA at the time of the filing of an arbitration claim, the rules and procedures of FINRA or the AAA shall govern.

1. Initiation of arbitration proceeding
All disputes, whether initiated by you or by Citi, must be timely filed in accordance with the applicable statute of limitations for the claim(s) alleged. To initiate arbitration you must send a written demand for arbitration to the Director of Employee Relations for Citi; the demand will be considered timely if filed or received by Citi within the time period provided by the statute of limitations applicable to the claim(s) set forth in the demand. All demands, whether filed by you or by Citi, shall set forth a statement of the nature of the dispute, including

the alleged act or omission at issue; the names of all persons involved in the dispute; the amount in controversy, if any; and the remedy sought. If you are an Associated Person or a Citi Dual Employee, you also will be required to specify whether your dispute, or any remedy sought in the dispute, is related in any way to, arises out of your association with, CGMI. Within 30 calendar days of receiving a demand, or as soon as possible thereafter, Citi shall file the demand with the appropriate office of the AAA or FINRA. You and Citi will also complete any other required forms for submission of the claim for arbitration, such as the Uniform Submission Agreement, when filing a claim with FINRA. For disputes subject to FINRA arbitration, you may initiate a claim with Human Resources as outlined herein or pursuant to FINRA's Code of Arbitration procedure, which can be found at **www.finra.org/ArbitrationMediation/Rules/ CodeofArbitrationProcedure/index.htm.**

2. Appointment of neutral arbitrator(s)
Neutral arbitrator(s) shall be appointed in the manner provided by AAA or FINRA rules, as applicable. However, it's Citi's intent that arbitrators be diverse, experienced, and knowledgeable about employment-related claims.

3. Qualifications of neutral arbitrator(s)
No person shall serve as a neutral arbitrator in any matter in which that person has any financial, personal or other interest in the result of the proceeding, or in which that person has a relation to the underlying dispute, including any relation to the parties. Prior to accepting appointment, the prospective arbitrator(s) shall disclose any circumstance likely to prevent a prompt hearing or to raise an issue as to the arbitrator's bias, impartiality, or independence. Upon receipt of such information, the AAA or FINRA, as applicable, either will replace that person or communicate the information to the parties for comment. Thereafter, the AAA or FINRA, as applicable, may disqualify that person, and its decision shall be conclusive. Vacancies shall be filled in accordance with the AAA or FINRA rules, as applicable.

4. Vacancies
The AAA or FINRA, as applicable, is authorized to substitute another arbitrator if a vacancy occurs or if an appointed arbitrator is unable to serve promptly.

5. Proceedings
The hearing shall be conducted by the arbitrator(s) in whatever manner will most expeditiously permit full presentation of evidence and arguments of the parties. The arbitrator(s) shall set the date, time, and place of the hearing, notice of which must be given to the parties by the AAA or FINRA, as applicable, at least 30 calendar days in advance unless the parties agree otherwise. In the event the hearing can't reasonably be completed in one day, the arbitrator(s) will schedule the hearing to be continued on a mutually convenient date.

6. Representation
Any party may be represented by an attorney or other representative (excluding any Citi supervisory employee) or by himself or herself. For an employee or former employee without representation, the AAA or FINRA, as applicable, may, upon request, provide reference to institutions that might offer assistance.

7. Confidentiality of and attendance at hearing
The arbitrator(s) shall maintain the confidentiality of the hearings unless the law provides to the contrary. The arbitrator(s) shall have the authority to exclude witnesses, other than a party and the party's representative(s), from the hearing during the testimony of any other witness. The arbitrator(s) also shall have the authority to decide whether any person who isn't a witness may attend the hearing.

8. Postponement
The arbitrator(s) for good cause shown may postpone any hearing upon the request of a party or upon the arbitrator's own initiative and shall grant such postponement when all of the parties agree thereto.

9. Oaths
Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator(s) may require a witness to testify under oath administered by any duly qualified person and, if it's required by law or requested by any party, shall do so.

10. Stenographic record
In the event a party requests a stenographic record, that party shall bear the cost of such record. If both parties request a stenographic record, the cost shall be borne equally by the parties. In the event the claimant requests a stenographic record, Citi shall bear the cost of obtaining a copy of the record for itself. In the event Citi requests a stenographic record, Citi also shall bear the cost of providing a copy to the claimant.

### 11. Arbitration in the absence of a party
Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator(s) shall require the party who's present to submit such evidence as the arbitrator(s) may require for the making of the award.

### 12. Discovery
Discovery requests shall be made pursuant to the rules of the AAA or FINRA, as applicable. Upon request of a party, the arbitrator(s) may order further discovery consistent with the applicable rules and the expedited nature of arbitration.

### 13. Prehearing motions
The arbitrator(s) shall be authorized to consider and rule on prehearing motions, including dispositive motions. Any ruling regarding such motion shall be made consistent with Section 19 of this policy.

### 14. Evidence
The arbitrator(s) shall be the judge of the relevance and materiality of the evidence offered; conformity to legal rules of evidence shall not be necessary.

### 15. Evidence by affidavit and filing of documents
The arbitrator(s) may receive and consider the evidence of witnesses by affidavit but shall give it only such weight as the arbitrator(s) deems (deem) it entitled to after consideration of any objection made to its admission. All documents to be considered by the arbitrator(s) shall be filed at the hearing.

### 16. Closing of hearing
The arbitrator(s) shall ask whether the parties have any further proof to offer or witnesses to be heard. Upon receiving negative replies, or if satisfied that the record is complete, the arbitrator(s) shall declare the hearing closed and the minutes thereof shall be recorded.

### 17. Waiver of procedures
Any party who proceeds with the arbitration after knowledge that any provision or requirement of these procedures hasn't been complied with, and who fails to state objections thereto in writing, shall be deemed to have waived the right to object.

### 18. Time of award
The award shall be made promptly by the arbitrator(s) unless otherwise agreed by the parties or specified by law. The arbitrator(s) shall be instructed to make the award within 30 calendar days of the close of the hearing or as soon as possible thereafter.

### 19. Award
a. **Form.** The award shall be in writing and shall be signed by the arbitrator(s). If either party requests, such award shall be in a form consistent with the rules of the AAA or FINRA, as applicable. All awards shall be executed in the manner required by law. The award shall be final and binding upon the parties, and judicial review shall be limited as provided by law.

b. **Scope of relief.** The arbitrator(s) shall be governed by applicable federal, state, and/or local law. The arbitrator(s) may award relief only on an individual basis. The arbitrator(s) shall have the authority to award compensatory damages and injunctive relief to the extent permitted by applicable law. The arbitrator(s) may award punitive or exemplary damages or attorneys' fees where expressly provided by applicable law. The arbitrator(s) shall not have the authority to make any award that's arbitrary and capricious or to award to Citi the costs of the arbitration that it's otherwise required to bear under this policy.

### 20. Delivery of award to parties
The parties shall accept as legal delivery of the award the placing of the award or a true copy thereof in the mail addressed to a party or its representative at the last known address via certified mail, return receipt, personal service of the award, or the filing of the award in any manner that's permitted by law.

### 21. Enforcement
The award of the arbitrator may be enforced under the terms of the Federal Arbitration Act (Title 9 U.S.C.) and/or under the law of any state to the maximum extent possible. If a court determines that the award isn't completely enforceable, it shall be enforced and binding on both parties to the maximum extent permitted by law.

### 22. Judicial proceedings and exclusion of liability
a. Neither the AAA or FINRA, nor any arbitrator in a proceeding under this Policy, is a necessary party in judicial proceedings relating to the arbitration.

b. Parties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

### 23. Expenses and fees

Unless otherwise precluded by applicable law, expenses and fees shall be allocated as follows:

a. **Filing fees.** Citi shall pay any filing fee required by the AAA or FINRA, as applicable.

b. **Hearing fees and arbitrator fees.** Citi shall pay the hearing fee and arbitrator fee for the hearing.

c. **Postponement/cancellation fees.** Postponement and cancellation fees shall be payable, at the discretion of the arbitrator, by the party causing the postponement or cancellation.

d. **Other expenses.** The expenses of witnesses shall be paid by the party requiring the presence of such witnesses. All other ordinary and reasonable expenses of the arbitration, including hearing room expenses; travel expenses of the arbitrator, AAA, or FINRA representatives, as applicable; and any witness produced at the arbitrator's direction, shall be paid completely by Citi.

e. **Legal fees and expenses.** Each side shall pay its own legal fees and expenses subject to Paragraph 23 (a) and (b) above.

The allocation of expenses as provided for in items "a" through "d" may not be disturbed by the arbitrator except where the arbitrator determines that a party's claims were frivolous or were asserted in bad faith.

### 24. Serving of notice

Any notices or process necessary or proper for the initiation or continuation of an arbitration under these procedures, for any court action in connection therewith or for the entry of judgment on an award made under these procedures, may be served on a party by mail addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard thereto has been granted to the party. The AAA or FINRA, as applicable, and the parties also may use facsimile transmission, telex, telegram, or other written forms of electronic communication to give the notices required by these procedures, provided that such notice is confirmed by the telephone or subsequent mailing to all affected parties. Service on the other party must be simultaneous with the filing and be made by the same means.

### 25. Time period for arbitration

Any proceeding under this Policy must be brought within the time period provided for within the statute(s) of limitations applicable to the claims asserted by the claimant.

### 26. Amendment or termination of arbitration policy

Citi reserves the right to revise, amend, modify, or discontinue the Policy at any time in its sole discretion with 30 calendar days' written notice. Such amendments may be made by publishing them in the Handbook or by separate release to employees and shall be effective 30 calendar days after such amendments are provided to employees and will apply prospectively only. *Your continuation of employment after receiving such amendments shall be deemed acceptance of the amended terms.*

### 27. Interpretation and application of procedure

Except as otherwise provided by this Policy, the arbitrator shall interpret and apply these procedures as they relate to the arbitrator's powers and duties; all other procedures shall be interpreted and applied by the AAA or FINRA, as applicable. Except as otherwise expressly agreed upon, and except as otherwise provided by this Policy, any dispute as to the arbitrability of a particular claim made pursuant to this Policy shall be resolved in arbitration.

### 28. Severability

If any part or provision of this Policy is held to be invalid, illegal, or unenforceable, such holding won't affect the legality, validity, or enforceability of the remaining parts and each provision of this Policy will be valid, legal, and enforceable to the fullest extent permitted by law.

## 2013 U.S. Employee Handbook Acknowledgment Receipt

When you click on the "I Acknowledge" button below, you are acknowledging that:

- You have opened the e-mail that directed you to this Web site.

- You have received the Web link to the Employee Handbook.

- You understand that it's your obligation to read the Handbook and become familiar with its terms.

- Appended to the Handbook is an Employment Arbitration Policy as well as the "Principles of Employment" that require you and Citi to submit employment-related disputes to binding arbitration (See Appendix A and Appendix D). You understand that it is your obligation to read the document carefully, and that no provision in this Handbook or elsewhere is intended to constitute a waiver, nor be construed to constitute a waiver, of your or Citi's right to compel arbitration of employment-related disputes.

- WITH THE EXCEPTION OF THE EMPLOYMENT ARBITRATION POLICY, YOU UNDERSTAND THAT NOTHING CONTAINED IN THIS HANDBOOK, NOR THE HANDBOOK ITSELF, IS CONSIDERED A CONTRACT OF EMPLOYMENT. IN ADDITION, NOTHING IN THIS HANDBOOK CONSTITUTES A GUARANTEE THAT YOUR EMPLOYMENT WILL CONTINUE FOR ANY SPECIFIED PERIOD OF TIME. YOU UNDERSTAND THAT YOUR EMPLOYMENT WITH CITI IS AT-WILL, WHICH MEANS IT CAN BE TERMINATED BY YOU OR CITI AT ANY TIME, WITH OR WITHOUT NOTICE, FOR NO REASON OR ANY REASON NOT OTHERWISE PROHIBITED BY LAW.

Please click the "I Acknowledge" button below. Once you acknowledge, you'll have the ability to download and print your copy of the Handbook.

This form was electronically acknowledged by:

NAME: **Eric Hazen**

GEID: **1000506277**

DATE: **3/29/2013**

*Hazen v. Citibank N.A.*
*Attachment 2*
*Page 1 of 1*

EEOC Form 161-A (11/16)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | Eric A. Hazen<br>2007 Louisiana Avenue<br>Nampa, ID 83686 | From: | Seattle Field Office<br>909 First Avenue<br>Suite 400<br>Seattle, WA 98104-1061 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 38C-2013-00463 | Toni C. Haley,<br>Investigator | (206) 220-6854 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____ For NAS        NOV 3 0 2017

Enclosures(s)                Nancy A. Sienko,        *(Date Mailed)*
                             Director

cc: Gloria Spiak
    Assistant General Counsel
    CITIBANK, N.A.
    Citi-Employment Law Unit
    3800 Citigroup Center Drive, Bldg G
    Tampa, FL 33601-9122

Enclosure with EEOC
Form 161-A (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within 90 days</u> of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request <u>within 6 months</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Page 4 of 4

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SEATTLE FIELD OFFICE
FEDERAL OFFICE BUILDING
909 FIRST AVENUE, SUITE 400
SEATTLE WA 98104-1061

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

AN EQUAL OPPORTUNITY EMPLOYER

SEATTLE WA 980
01 DEC '17
PM 5 L

Eric A. Hazen
2007 Louisiana Avenue
Nampa, ID 83686