B. Newal Squyres (ISB #1621)
Jennifer M. Jensen (ISB # 9275)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
P.O. Box 2527
Boise, ID 83702-2527
Telephone:  (208) 342-5000
Facsimile:   (208) 343-8869
Email: nsquyres@hollandhart.com
       jmjensen@hollandhart.com

Attorneys for Defendant, Citibank, N.A.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC A. HAZEN,<br><br>                          Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.<br><br>                          Defendant. | Case No.  1:18-CV-103-BLW<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS** |

I.   INTRODUCTION

The Court should grant Citibank N.A.'s ("Citi") motion to compel arbitration and stay proceedings ("Motion").  Arbitration agreements are favored in the law.  Mr. Hazen agreed to arbitrate his claims by continuing to work while on notice of both the content of Citi's Arbitration Policy and that it was a condition of his employment.  The resulting arbitration agreement is enforceable.  Mr. Hazen's unconscionability arguments fail because he did not address procedural unconscionability, a required element of the defense.  And the Arbitration Policy is not substantively unconscionable.  To the contrary, the Arbitration Policy applies equally to employees and Citi.  Citi pays the filing, hearing, and arbitrator fees, plus other ordinary expenses.  And the arbitrator may award the employee the same relief available in court, plus attorney fees and expenses.

Mr. Hazen does not dispute any material fact underlying the arbitrability of his claims. *See* Dkt. 5.  From the beginning of his employment with Citi in 2006 until his employment was terminated in 2013, Mr. Hazen acknowledged Citi's Arbitration Policy was a condition of his employment.  Dkt. 4-2, ¶¶ 2-6 (Ex. 1-4).  Mr. Hazen continued to work for Citi in the ongoing acceptance of the agreement to arbitrate.  *See id.*  Mr. Hazen does not dispute his claims fall within the scope of the Arbitration Policy.[1]  *See* Dkt. 5.

---

[1] To be clear, Citi's position is that the 2013 Arbitration Policy (Dkt. 4-2 at 14-20) is the operative policy and the one at issue in this Motion.  Mr. Hazen appears to agree.  *See* Dkt. 5 at 6 ("Employees are not subject to the arbitration agreement they are hired under but the updated one each year that they make employees acknowledge to read and state this is the new HR and policy information.  As Citi claims I am was employed under the 2013 arbitration agreement in the 2013 employee handbook but are trying to claim I am not under the 2013 principles of employment.").  On the contrary, Mr. Hazen is "under the 2013 Principles of Employment." *See* Dkt. 4-2 at 19-20.  He also asserts the 2006 Arbitration Policy is "significantly different than the one published in 2013." *Id.*  Citi disagrees and provides the 2006 Arbitration Policy for the Court's review in the spirit of transparency.  Squyres Declaration in Support of Citi's Reply, Ex. 5.

## II.     ARGUMENT

### A.     THE STRONG POLICY FAVORING ARBITRATION CALLS FOR ENFORCEMENT OF ARBITRATION AGREEMENTS BETWEEN EMPLOYEES AND EMPLOYERS, INCLUDING MR. HAZEN'S AGREEMENT WITH CITI.

The Federal Arbitration Act ("FAA") reflects a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 349 (2011).  The Supreme Court has considered and rejected the contention that employment contracts are somehow exempted from this liberal policy.  *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123-24 (2001) (reversing denial of motion to compel arbitration of employee discrimination claims).  In holding employment contracts fall within the scope of the FAA unless specifically exempted by statute, the Court reaffirmed its position that arbitration provides advantages to employees in resolving claims against employers: "We have been clear in rejecting the supposition that the advantages of the arbitration process somehow disappear when transferred to the employment context." *Id.* at 123 (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 30-32 (1991)).

Employees may validly agree to arbitrate Title VII and Americans with Disabilities Act ("ADA") claims, waiving their right to proceed with their claims in court.  *See, e.g.*, *Dittenhafer v. Citigroup*, 467 F. App'x 594, 594 (9th Cir. 2012) (affirming grant of employer's motion to compel arbitration of Title VII and ADA claims); *Graves v. George Fox Univ.*, No. CV06-395-S-EJL, 2007 WL 2363372, at *1, 4 (D. Idaho Aug. 16, 2007) (granting motion to compel arbitration of employee's Title VII and ADA claims).  Such agreements do not offend the policies behind the statutes.  *See id.*  Rather, arbitration is generally "favored."  *Id.*  "Arbitration is a matter of contract, and the FAA requires courts to honor parties' expectations." *Concepcion*, 563 U.S. at 351.

Mr. Hazen argues that Title VII and the ADA preclude arbitration of claims arising from those statutes.  Dkt. 5 at 1-4.  For the above reasons, those arguments fail.  Arbitration between

employer and employee is favored, for claims brought under Title VII and the ADA.  *See Adams*, 532 U.S. at 123-24; *Dittenhafer*, 467 F. App'x at 594; *Graves*, 2007 WL 2363372, at *1, 4.

      B.      **MR. HAZEN ENTERED INTO A BINDING AGREEMENT TO ARBITRATE HIS CLAIMS.**

"In determining whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" *Nguyen v. Barnes & Noble, Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

It is well established a party may accept a contract through performance.  *See, e.g., Shore v. Peterson*, 146 Idaho 903, 204 P.3d 1114 (2009) (holding performance constituted acceptance of offer); *Jackson v. Blue Flame Gas Co.*, 90 Idaho 393, 401, 412 P.2d 418, 422 (1966) (holding accountants accepted offer from company by commencing performance of accounting duties).  In *Shore*, the court affirmed the trial court's finding that debtor accepted creditor's offer, forming a binding contract.  146 Idaho at 913, 204 P.3d at 1124.  Creditor stated he would not sue debtor if debtor left his tools and equipment at creditor's business premises.  *Id.* at 906, 204 P.3d at 1117.  Debtor did so.  *Id.*  The requested performance constituted acceptance of the offer.  *Id.* at 913, 204 P.3d at 1124.

A party may also accept an offer through silence, "'if the offeror has stated or given the offeree reason to understand that assent may be manifested by silence or inaction, and the offeree in remaining silent and inactive intends to accept the offer.'"  *Eimco Div., Envirotech Corp. v. United Pac. Ins. Co.*, 109 Idaho 762, 764, 710 P.2d 672, 674 (1985) (quoting Rest. 2d. Contracts § 69 (1981)), *abrogated on other grounds by Evco Sound & Elec., Inc. v. Seaboard Sur. Co.*, 148 Idaho 357, 223 P.3d 740 (2009).  In *Eimco*, subcontractor's counteroffer set forth conditions of work and a deadline for general contractor to reject them, after which subcontractor would continue work under the conditions recited.  General contractor accordingly had reason to

understand its assent would be manifested by silence and inaction. The court held general contractor accepted subcontractor's counteroffer through silence because there was nothing in the record evidencing general contractor intended to reject subcontractor's terms. *Id.*

Courts routinely compel arbitration based on arbitration provisions in an employee handbook, which an employee accepts without manifestation of assent other than continuing to work for employer. *See, e.g.*, *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1093-95 (9th Cir. 2014) (reversing denial of employer's motion to compel arbitration); *Dittenhafer*, 467 F. App'x at 594 (affirming grant of Citi's motion to compel arbitration of Title VII and ADA claims).

Mr. Hazen accepted the arbitration agreement with Citi and is bound by it. There is no dispute Mr. Hazen had notice of the Arbitration Policy, that he acknowledged the Arbitration Policy constituted a binding agreement with Citi, that he knew the Arbitration Policy was a condition of his employment, and that he continued to work for Citi. Dkt. 4-2 at 4-20. Under *Shore*, *Jackson*, *Davis*, and *Dittenhafer*, these acts constitute acceptance of the arbitration agreement, binding Mr. Hazen to arbitrate his claims. Mr. Hazen similarly accepted the arbitration agreement through silence. Like the party in *Eimco*, Citi expected no further manifestation of assent to its arbitration agreement by Mr. Hazen, and there is no evidence Mr. Hazen intended to reject or disavow the Arbitration Policy.

Mr. Hazen argues he is not bound by the Arbitration Policy from the moment he clicked to acknowledge receipt of the employment handbook. Dkt. 5 at 5. That argument misses the mark. First, Mr. Hazen accepted the arbitration agreement through continuing to work and/or through silence, all the while knowing the arbitration agreement was a condition of his employment.

Second, Mr. Hazen's cases are inapposite. *See* Dkt. 5 at 5 (citing *Lorenzo v. Prime Commc'ns, L.P.*, 806 F.3d 777 (4th Cir. 2015); *Morgan v. Raymours Furniture Co., Inc.*, 128

A.3d 1127 (N.J. Sup. Ct. 2016)).  In *Morgan*, the court held an employee acknowledgment that he received the employment handbook containing an arbitration provision did not bind the employee because the acknowledgment disclaimed that any part of the handbook constituted a contract.  128 A.3d 1130-31.  The same situation existed in *Lorenzo*.  *See* 806 F.3d at 781-82 (affirming denial of motion to compel arbitration because employee's acknowledgment she received employee handbook containing arbitration clause expressly stated no provision of the handbook constituted a binding contract).

The facts here are just the opposite.  Citi's employee acknowledgment expressly states that the arbitration agreement constitutes a binding contract.  Dkt. 4-2 at 11 ("<u>WITH THE EXCEPTION OF THE EMPLOYMENT ARBITRATION POLICY, YOU UNDERSTAND THAT NOTHING CONTAINED IN THIS HANDBOOK, NOR THE HANDBOOK ITSELF IS CONSIDERED A CONTRACT OF EMPLOYMENT</u>.").[2]

C.  THE ARBITRATION AGREEMENT IS NOT UNCONSCIONABLE.

State law generally governs contract defenses asserted against enforcement of an arbitration agreement.  *Simmons v. Rush Truck Ctrs. of Idaho, Inc.*, No. 4:16-cv-00450-EJL, 2017 WL 2271123, at *2 (D. Idaho May 24, 2017) ("[G]eneral contract defenses such as fraud, duress, or unconscionability, grounded in state contract law, may operate to invalidate arbitration agreements in whole or in part.").

Mr. Hazen asserts the defense of unconscionability but fails as a matter of law to establish either of its two required elements.  *See* Dkt. 5 at 6-9.  To render an arbitration clause unenforceable, the party asserting unconscionability must establish **both** procedural and

---

[2] *See* Dkt. 4-2 at 9, 10.  The same statement accompanied the handbooks Mr. Hazen acknowledged in 2008 and 2010.  For historical completeness, Exhibit 6 to the Squyres Declaration filed herewith is the Receipt Form executed at the beginning of his employment, which contains the same language.

substantive unconscionability. *Lovey v. Regence BlueShield of Idaho*, 139 Idaho 37, 41-42, 72 P.3d 877, 881-82 (2003) (affirming denial of motion to compel arbitration).

At the outset, Mr. Hazen has not even addressed the necessary element of procedural unconscionability. Hence, his argument fails on that basis alone. *See* Dkt. 5 at 6-8. Further Mr. Hazen cannot establish substantive unconscionability. "Substantive unconscionability . . . is a narrow exception to the general principle that full force and effect must be given to a valid contract even though its provisions appear unwise or its enforcement may seem harsh.'" *Smith v. Idaho State Univ. Fed. Credit Union*, 114 Idaho 680, 684, 760 P.2d 19, 23 (1988). The inquiry for substantive unconscionability looks to the specific contract's terms and requires that the terms be so unequal that "'no person in his or her senses and not under delusion would make on the one hand and that no honest and fair person would accept on the other.'" *Bakker v. Thunder Spring-Wareham, LLC*, 141 Idaho 185, 192, 108 P.3d 332, 339 (2005) (quoting *Hershey v. Simpson*, 111 Idaho 491, 494, 725 P.2d 196, 199 (Ct. App. 1986)).

Mr. Hazen also does not, and cannot, show substantive unconscionability. This constitutes an independent basis to reject the unconscionability defense. Mr. Hazen argues that policies behind discrimination law make an arbitration agreement relating to such claims unconscionable. *See* Dkt. 5 at 6-9. As explained in Part II.A., employees may validly waive court proceedings on Title VII or ADA claims. Mr. Hazen's argument that the Arbitration Policy "steers" employees away from filing a charge with the EEOC is simply a slightly different way of articulating the same argument. *See* Dkt. 5 at 6. The Arbitration Policy's purpose—is to provide efficient and effective alternative dispute resolution.

Further, the Arbitration Policy is fair, far from the threshold Mr. Hazen must establish to show substantive unconscionability. The Arbitration Policy applies equally to employees and Citi. Dkt. 4-2 at 14. Citi pays the filing, hearing, and arbitrator fees, plus other ordinary

expenses.  *Id.* at 18.  And the arbitrator may award the employee the same relief available in court, plus attorney fees and expenses.  *Id.* at 17.  It cannot be said "no person in his . . . senses and not under delusion would make" such an agreement.  *Bakker*, 141 Idaho at 192, 108 P.3d at 339.

### III.   CONCLUSION

For all the foregoing reasons, Citi respectfully requests the Court compel arbitration and stay the case.

DATED this 1st day of June, 2018.

                                                  HOLLAND & HART LLP

                                                By  *s/Newal Squyres*
                                                    B. Newal Squyres, of the firm
                                               Attorneys for Defendant Citibank, N.A.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June, 2018, I caused the foregoing to filed electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-ECF-Registered parties in the manner indicated:

| | |
|---|---|
| Eric A. Hazen<br>2007 Louisiana Avenue<br>Nampa, ID  83686<br>Eric001@ymail.com | ☒ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Facsimile<br>☒ Via Email |

                                                *s/Newal Squyres*
                                             for HOLLAND & HART LLP

10997677_3.doc